UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cv-02321-TWP-MKK |
| | ) |
| MERSHAN, | ) |
| MARTIAL KNIESER, | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION

This matter is before the Court on James E. Phillips' ("Mr. Phillips") four motions for preliminary injunction. (Dkts. 12, 15, 27, 28). As explained below, these motions are **DENIED**.

### I. LEGAL STANDARD

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id*.

To prevail on a motion for preliminary injunction, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio,* 396 Fed. App'x 836, 837 (3d Cir.2010) (per curiam) (internal quotation marks omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely

different from those raised in the complaint." *Jones v. Taylor,* No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220–23, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945)); *see also Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *De Beers,* 325 U.S. at 220)

## II. BACKGROUND

### A. Claims Proceeding in this Lawsuit

Mr. Phillips is proceeding on Eighth Amendment claims for deliberate indifference to a serious medical need against defendants Dr. Mershon and Dr. Knieser in their individual and official capacities. (Dkt. 16 at 3).

On September 16, 2014, Mr. Phillips was struck in the head by another inmate, causing a "golf ball size tumor and or knot" on his head (Dkt. 1 at 2, 4). The mass has grown over time. (*Id.* at 4). It is sore to the touch, and Mr. Phillips experiences memory loss, confusion, constant migraines, and black dots in his field of vision. (*Id.*). Dr. Mershon and Dr. Knieser allegedly failed to recommend any diagnostic tests or prescribe any type of pain medication.[1] *Id.* at 2-5.

### B. Motions for Preliminary Injunction

In his first motion for preliminary injunction, Mr. Phillips requests that "the defendants not use conflict of interest advantages within this case or pertaining to this case by assigning the defendants listed in case itself to handle or be able to handle any of the legal paperwork, motions, and documents filed in case in said due to dishonest and nefarious acts of retaliation in various

---

[1] The complaint alleges that Mr. Phillips was under the care of Dr. Mershon in 2022. (Dkt. 1 at 4). He was under the care of Dr. Knieser sometime on or after 2020. (*Id.*).

forms."[2] (Dkt. 12 at 1) (cleaned up). He argues that the defendants and other prison officials are "either confiscating or collecting plaintiff's personal property including legal work and motions for searching purposes in which they keep and withhold legal documents and paperwork from plaintiff and deny plaintiff access to those legal documents for a litany of frivolous reasons in the labyrinth of conflict of interest plot, plans, and schemes." (*Id.* at 1-2) (cleaned up). He asks the Court to order the defendants and prison officials "to assign a counselor or legal liaison to collect, handle, and submit motions" on his behalf to avoid these "conflicts of interests" and interference with his legal actions. (*Id.* at 2).

In the second motion for preliminary injunction, Mr. Phillips asks the Court to order prison officials to grant him "access to all 3 of his prison litigation law books that were confiscated by (GCH) property officer Bishop." (Dkt. 15 at 1) (cleaned up). He argues that his "capabilities of successfully litigating all cases filed could suffer irreparable harm due to not having access to the information, instructions, and knowledge that are referenced in those books and the cases suffer irreparable harm as well." (*Id.*) (cleaned up). In support of this motion, Mr. Phillips has submitted a Notice of Confiscated Property form, dated October 3, 2022, indicating that Bishop confiscated "7 books . . . 3 of those books are prison litigation law books." (Dkt. 24-1 at 1). He has also submitted a grievance appeal response, dated February 21, 2023, in which a prison official stated, "if you want additional books, you must turn the others in and they can be exchanged. This is the same with legal work. You may have up to one box and can exchange that for excess legal papers in storage but will still be limited to one box in cell." (*Id.* at 2) (cleaned up).

---

[2] The first motion for preliminary injunction misidentifies the defendants as "Counselors T. Solomon and R. Goodnight." (Dkt. 12 at 1). The Court notes that Mr. Phillips filed an identical motion for preliminary injunction in another pending case in this District in which Solomon and Goodnight are defendants. *See Phillips v. Surguy, et al.*, Case No. 1:23-cv-46-JMS-MKK at dkt. 12.

In the third motion for preliminary injunction, Mr. Phillips asks the Court

> to accept and hold plaintiff's summary judgment motion and exhibits within for safe keeping due to the defendants' malicious, sadistic, nefarious, and felonious acts of retaliation and manipulation of facility rules, policy, and procedure to hinder and prevent plaintiff from being able to submit summary judgment motion and exhibits within by creating a conflict of interest scenario and situation to where plaintiff's personal property will be confiscated and withheld from him to prevent him from effectively and efficiently submitting and responding to motions in an effective and timely fashion.

(Dkt. 27 at 1) (cleaned up).

In the fourth motion for preliminary injunction, Mr. Phillips asks the Court to order prison officials to transfer him to another facility. (Dkt. 28). He argues that his life is "in danger from being retaliated against by defendants and facility and due to the integrity of this lawsuit being in jeopardy from various acts of retaliation from defendants and facility," that he has received "no mental health care despite being previously diagnosed as 'seriously mentally ill' and consistently taking meds for mental health issues," that he has not received "medical treatment for a tumor growing on the back left side of his head," that he has been "served and subjected to contaminated food," that he has been monitored by "illegal listening and recording devices," and that he has been "constantly written up for untrue and frivolous conduct reports and found guilty of them to keep plaintiff in disciplinary segregation." (*Id.* at 1) (cleaned up).

In the response to the first motion for preliminary injunction, Dr. Mershon states that neither he nor his employer, Centurion Health of Indiana, LLC, "has any ability to interact with any legal documents or law books provided to Plaintiff in this litigation or to confiscate or provide materials to Plaintiff while in confinement, as requested through Plaintiff's PI Motion." (Dkt. 23 at ¶ 2).

### III. DISCUSSION

Mr. Phillips' motions for preliminary injunction are **DENIED** because they are unrelated to the underlying claims in this lawsuit or seek relief that he will not be entitled to receive if he is ultimately successful on the merits of his claims. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.") (cleaned up)).

If Mr. Phillips is successful on the merits of his claims, he might recover damages for past deliberate indifference to a serious medical need, or injunctive relief for court-ordered medical care. But he would not be entitled to an injunction requiring the defendants to ensure his access to legal mail and legal resources, or an injunction ordering the defendants to transfer him to another facility. The record does not suggest that the defendants or the defendants' employer, which merely contracts with the Indiana Department of Correction to provide medical services, have any authority over these aspects of prison life. (*E.g.*, dkt. 23 at ¶ 2).

Mr. Phillips clearly believes that prison officials will interfere with his ability to litigate his claims in this lawsuit. The Court is mindful of the difficulties facing an incarcerated, *pro se* litigant like Mr. Phillips. However, the Court has other tools at its disposal to ensure that this case proceeds fairly. If this case proceeds to the merits, the Court will issue a pretrial schedule setting forth robust initial disclosure requirements on the defendants. If the defendants refuse to participate in discovery, the Court may order them to produce certain items or issue sanctions. *See* Fed. R. Civ. P. 37. The Court may extend case management deadlines or response deadlines due to Mr. Phillips' limited access to legal resources in segregation. *See* Fed. R. Civ. P. 16(b)(4); S.D. Ind. Local Rule 6-1. The Court could even recruit counsel for Mr. Phillips if the conditions of his confinement prevent him from litigating this case on his own. *See* 28 U.S.C. § 1915(e)(1). The Court takes very

seriously the rights of incarcerated individuals and will not hesitate to intervene if limitations on Mr. Phillips' ability to litigate his claims materialize.

## IV. CONCLUSION

For the reasons set forth above, the motions for preliminary injunction, dkts. [12], [15], [27], and [28], are **DENIED**.

**IT IS SO ORDERED**.

Date: 6/23/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Robert C. Brandt
RILEY BENNETT EGLOFF LLP
rbrandt@rbelaw.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com