UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02321-TWP-MKK |
| | ) |
| JOHN MERSHON Dr., | ) |
| MARTIAL KNIESER Dr MD, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on a Motion for Emergency Preliminary Injunction filed by *pro se* Plaintiff James E. Phillips (Dkt. 99). Mr. Phillips, an inmate in the Indiana Department of Corrections ("IDOC"), initiated this lawsuit on December 2, 2022, alleging deliberate indifference by Defendants Martial Knieser ("Dr. Knieser") and John Mershon ("Dr. Mershon") (collectively, "Defendants") when treating a lump on his head, in violation of his Eight Amendment rights. In his emergency Motion, filed February 7, 2025, Mr. Phillips asks the Court to grant his preliminary injunction and order immediate medical treatment. For the following reasons, the Emergency Motion must be **denied**.

### I. BACKGROUND

**A. Factual History**

Mr. Phillips has been incarcerated in the IDOC since August 12, 2010 (Dkt. 82-1 at 2). He was held in the Pendleton Correctional Facility ("Pendleton") from 2010 to October 6, 2023 (Dkt. 82-2 at 3). Thereafter, he was moved to Wabash Valley Correctional Institution ("WVCI") (Dkt. 100-1 at 1). On September 16, 2014, Mr. Phillips was "hit in the head with a padlock repeatedly" causing him to sustain injury. *Id.* at 6. Due to this injury, Mr. Phillips immediately began to suffer

from painful and debilitating symptoms such as a lump on his head which is painful to the touch, constant migraine headaches, sight impairment such as seeing black dots out of his left eye, memory loss, and confusion (Dkt. 90 at 2, 11).

On March 13, 2020, Mr. Phillips was seen by Dr. Knieser, a former physician at Pendleton (Dkt. 90 at 7-9).[1] During the examination, Dr. Knieser evaluated the lump on Mr. Phillips' head and determined the injury to be a lipoma of the skin – a benign non-cancerous tumor made up of fat tissue just under the skin (Dkt. 78-1 at 2). Due to Mr. Phillips' reporting that the lipoma was painful and easily irritated by a hat, Dr. Knieser completed an off-site patient request for a general surgery consultation to determine if additional action was required. *Id*. Dr. Knieser also prescribed Tylenol (Dkt. 90 at 9). However, the IDOC emergency Covid policies instructed that patients were only to be referred outside of Pendleton if their condition was emergent or life-threatening (Dkt. 78-1 at 3). Dr. Knieser determined the lipoma was neither, and Mr. Phillips' referral was not scheduled (Dkt. 78-1 at 3). Dr. Knieser did not perform any further evaluation on the lump on Mr. Phillips' head before leaving his employment at Pendleton. *Id*. at 5-6.

The next time Mr. Phillips was seen in connection with the lump was on October 19, 2022, by a nurse and then, on October 25, 2022, by Dr. Mershon (Dkt. 82-1 at 11-15). Dr. Mershon determined the lump to be a lipoma of the skin and referred Mr. Phillips to a general surgeon. *Id*. On December 12, 2022, Mr. Phillips was seen by the offsite general surgeon for further evaluation of the lump. *Id*. at 10. Mr. Phillips' painful and debilitating symptoms listed above have not subsided and continue to worsen (Dkt. 90 at 2). He remains in constant pain and has constant migraine headaches and memory loss, his head tumor is bigger, and he still has not received a follow up from the doctors. (Dkt. 99). Mr. Phillips reports that the Defendants referred him to other

---

[1] Mr. Phillips stated in his deposition that he saw Dr. Knieser back in 2014 (Dkt. 82-2 at 6) but the medical records he submitted showed the examination date to be March 13, 2020 (Dkt. 90 at 7-9).

doctors and " he still has not received a follow up from the doctor both Defendants referred Plaintiff to…". He requests that the Court, "order immediate medical attention and treatment…and not a consultation like what was done before." *Id*.

**B.** **Procedural History**

Mr. Phillips filed his Complaint on December 2, 2022 (Dkt. 1). Mr. Phillips then filed multiple motions for preliminary injunction (Dkts. 12, 15, 27, 28, and 53) all of which have been denied (Dkt. 35, Dkt. 65), and a motion for summary judgment (Dkt. 29) which was denied as well (Dkt. 39).

Pending before the Court are the following motions: a Motion for Summary Judgment filed by Dr. Knieser (Dkt. 76), a Motion for Summary Judgment filed by Dr. Mershon (Dkt. 81), a Cross-Motion for Summary Judgment filed by Mr. Phillips (Dkt. 88), a Motion to Strike filed by Dr. Mershon (Dkt. 91), a Motion to Strike Dr. Mershon's Motion to Strike filed by Mr. Phillips (Dkt. 93), a Motion to File Surreply filed by Mr. Phillips (Dkt. 94) and a Motion to Strike Defendants' Response to Motion for Summary Judgment filed by Mr. Phillips (Dkt. 95). Before issuing a ruling on the above motions, the Court will address Mr. Phillips' Emergency Motion for Preliminary Injunction (Dkt. 99) in this order.

## II.     DISCUSSION

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh

the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

Importantly, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 585 U.S. 155, 161 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.") (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). Further, "when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Unfortunately for Mr. Phillips, that the case here.

In his Response, Dr. Mershon persuasively argues that Mr. Phillips' Motion for Preliminary Injunction must be denied because neither Defendant can provide the relief requested—medical care and treatment to Mr. Phillips—because neither Dr. Mershon, nor Dr. Knieser work at WVCI or provide treatment at WVCI. (Dkt. 100 at 8). The Court agrees. On October 6, 2023, Mr. Phillips was transferred from Pendleton to WVCI, and he currently resides at WVCI. Dr. Mershon works only at Pendleton and does not treat inmates at WVCI (Dkt. 100-2), and Dr. Knieser has retired from the practice of medicine. Moreover, WVCI is not a defendant in this matter nor are any of the medical providers at WVCI or any entity that supervises or manages Mr. Phillips' care at WVCI. Accordingly, Mr. Phillips' Motion must be **denied**.

### III. CONCLUSION

The Court does not doubt Mr. Phillips' assertions that he is in pain and in need of medical treatment for the described conditions. However, as explained in this Order, his Emergency Motion for Preliminary Injunction, Dkt. [99] must be **DENIED**. Mr. Phillips may pursue his request for treatment through the IDOC grievance process, and, if necessary, by filing a separate lawsuit against the persons who are presently failing to provide him medical treatment.

**SO ORDERED.**

Date: 3/17/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. MR. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Robert C. Brandt
RILEY BENNETT EGLOFF LLP
rbrandt@rbelaw.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com