UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02321-TWP-MKK |
| | ) |
| JOHN MERSHON Dr., | ) |
| MARTIAL KNIESER Dr MD, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT,
MOTIONS TO STRIKE AND MOTION FOR SANCTIONS**

This matter is before the Court on Motions for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendants Martial Dr. Knieser ("Dr. Knieser") (Dkt. 76) and John Dr. Mershon, MD ("Dr. Mershon) (Dkt. 81); and *pro se* Plaintiff James E. Phillips' ("Mr. Phillips") Cross Motion for Summary Judgment (Dkt. 88). Mr. Phillips initiated this action alleging deliberate indifference by Dr. Knieser and Dr. Mershon when treating a lump on his head, in violation of his Eighth Amendment rights. Also pending is Dr. Mershon's Motion to Strike (Dkt. 91), and Mr. Phillips' Motion to Strike Defendant's Motion to Strike and Motion for Sanctions (Dkt. 93), Motion to File Surreply (Dkt. 94), and Motion to Strike Defendant's Response to Motion for Summary Judgment (Dkt. 95). For the following reasons, the Defendants' Motions for Summary Judgment are **granted**, and Mr. Phillips' Motion for Summary Judgment is **denied.** Further, the parties' ancillary motions are **denied**.

**I.    BACKGROUND**

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Mr. Phillips as the non-

1

moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Mr. Phillips has been incarcerated with the Indiana Department of Corrections ("IDOC") since August 12, 2010 (Dkt. 82-1 at 2). He was held in the Pendleton Correctional Facility ("Pendleton") from 2010 to October 6, 2023 (Dkt. 82-2 at 3). On September 16, 2014, Mr. Phillips was "hit in the head with a padlock repeatedly" causing him to sustain injury. *Id.* at 6. Due to this injury, Mr. Phillips immediately began to suffer from painful and debilitating symptoms such as a lump on his head which is painful to the touch, constant migraine headaches, sight impairment such as seeing black dots out of his left eye, memory loss, and confusion (Dkt. 90 at 2, 11).

On March 13, 2020[1], Mr. Phillips was seen by Dr. Knieser, a physician formerly licensed to practice medicine in the State of Indiana. From March 2, 2020, through June 30, 2021, Dr. Knieser was employed by Wexford of Indiana as a physician at the Pendleton Correctional Facility. (Dkt. 90 at 7-9). Following June 30, 2021, he had no further involvement in, or control over, care provided to patients at the Pendleton Correctional Facility. He is currently retired. *Id*.

During the examination, Dr. Knieser evaluated the lump on Mr. Phillips' head and determined the injury to be a lipoma of the skin – a benign non-cancerous tumor made up of fat tissue just under the skin (Dkt. 78-1 at 2). Mr. Phillips reported that the lipoma was painful and easily irritated by a hat, so Dr. Knieser completed an off-site patient request for Mr. Phillips to be referred for a general surgery consultation to determine if any additional action or surgical intervention was needed. *Id*. Dr. Knieser also prescribed Tylenol (Dkt. 90 at 9). Unfortunately, the IDOC emergency Covid policies in place at that time instructed that patients were only to be referred outside of Pendleton if their condition was emergent or life-threatening (Dkt. 78-1 at 3).

---

[1] Phillips stated in his deposition that he saw Dr. Knieser back in 2014 (Filing No. 82-2 at 6) but the medical records he submitted showed the examination date to be March 13, 2020 (Filing No. 90 at 7-9).

Dr. Knieser determined the lipoma was neither, and thus, Mr. Phillips' referral was not scheduled (Dkt. 78-1 at 3). Dr. Knieser did not perform any further evaluation on the lump on Mr. Phillips' head before leaving his employment at Pendleton. *Id*. at 5-6.

Mr. Phillips submitted Requests for Healthcare forms to Centurion staff between March 2020 and October 18, 2022, but only a few of those forms sought treatment for the Lump; when he did request such treatment, Mr. Phillips sometimes did not appear for medical treatment or otherwise rejected medical treatment to address these issues when scheduled. (Dkt. 82-1 at 6-7). For example, on June 7, 2021 Mr. Phillips submitted a request for sick call, stating "I'm having constant headaches and I'm seeing black dots out my left eye because I have a knot or tumor on the left backside of my head", and he requested "please help me immediately because I've been submitting healthcare request slips since last year and I've submitted one earlier this year to no avail." (Dkt. 82-1 at 7). The medical record reflects that Mr. Phillips was seen by nursing on January 29, 2021 and referred to M.D. but refused the visit on July 20, 2021 because he wanted to sleep. *Id*. And on August 9, 2021 Mr. Phillips submitted request for health care, stating "I need to see a doctor not a nurse, pertaining to this tumor or bump on the back side of my head." (Dkt. 82-1 at 6). The response from health care staff states "Refusal 8/17/21." *Id*.

The next time Mr. Phillips was seen in connection with the lump was on October 19, 2022, by a nurse and then, on October 25, 2022, by Dr. Mershon (Dkt. 82-1 at 11-15). Dr. Mershon determined the lump to be a lipoma of the skin and referred Mr. Phillips to an offsite general surgeon for further evaluation. *Id*. Ten days prior to being seen by the offsite general surgeon, Mr. Phillips filed his Complaint (Dkt. 1) alleging deliberate indifference by Dr. Knieser and Dr. Mershon in violation of his Eighth Amendment rights.

On December 12, 2022, Mr. Phillips was seen by the offsite general surgeon for further evaluation of the lump. *Id*. at 10. On October 6, 2023, Mr. Phillips was moved to Wabash Valley Correctional Institution (Dkt. 100-1 at 1). Mr. Phillips' painful and debilitating symptoms listed above have not subsided and continue to worsen. (Dkt. 90 at 2).

In his Complaint, Mr. Phillips specifically alleges that Dr. Knieser and Dr. Mershon did not "recommend any type of test to remedy [his] symptoms," did not "recommend a test to further inspect [his] head injury," and did not prescribe "any type of pain relief medication." (Dkt. 1 at 2-3).

## II.  LEGAL STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

4

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Loc. Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

### III.   DISCUSSION

The parties have filed Cross-Motions for Summary Judgment (Dkt. 76; Dkt. 81; Dkt. 88), and Motions to Strike (Dkt. 91; Dkt. 93; Dkt. 95). Mr. Phillips has also filed a Motion to File Surreply (Dkt. 94). The Court will first address the ancillary motions, before addressing the summary judgment motions.

**A.   Motions to Strike**

**1.   Dr. Mershon's Motion to Strike**

Dr. Mershon filed a Motion to Strike Mr. Phillips' Designation of Evidence, Mr. Phillips' Motion for Summary Judgment, and Mr. Phillips' Brief in Support of his Motion for Summary Judgment (collectively, the "Mr. Phillips MSJ Filings") (Dkt. 91). Dr. Mershon argues that Mr. Phillips' summary judgment filings should be stricken because "Mr. Phillips' brief did not comply with the Court's Order granting leave to file in excess of 35 pages" (Dkt. 87) and "Mr. Phillips

MSJ Filings were filed after the extended dispositive motion deadline of July 8, 2024" (Dkt. 91 at 2).

The Court's Order granting Mr. Phillips leave to file in excess of 35 pages stated that Mr. Phillips could either file two 35-page responses or a "single, combined summary judgment response brief that does not exceed 45 pages." (Dkt. 87 at 1). Mr. Phillips then filed his brief in support on July 17, 2024, consisting of sixty-two pages. Dr. Mershon argues that Mr. Phillips' brief was untimely and exceeds the 45-page limit allowed by the Court without obtaining leave of court and Mr. Phillips' brief therefore, "violates the requirements for briefs in support of motions for summary judgment set forth in S.D. Ind. 56-1." (Filing No 91 at 3).

Local Rule 7-1(e)(1) provides that "[s]upporting and response briefs . . . may not exceed 30 pages." However, 7-1(e)(2) states that the Court "may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons." *See* S.D. Ind. L.R. 7-1(e). Yet, "litigants have no right to demand strict enforcement of local rules by district judges. To the contrary, unless the district court 'enforce[s] (or relax[es]) the rules unequally as between the parties,' the decision 'to overlook any transgression [of the local rules] is left to the district court's discretion.'" *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2018) (quoting *Stevo v. Fraser*, 662 F.3d 880, 887 (7th Cir. 2011)).

"In the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can [striking a pleading] be consonant with the role of courts." *Schilling v. Walworth Cnty. Park & Planning* Comm'n, 805 F.2d 272, 275 (7th Cir. 1986). In light of Mr. Phillips' *pro se* status, and in the interest of dispensing justice by resolving this case on its merits, the Court **denies** Dr. Mershon's Motion to Strike (Dkt. 91).

### 2. **Mr. Phillips' Motion to Strike Defendants' Responses**

On September 9, 2024, Mr. Phillips filed a Motion to Strike both Dr. Knieser's Response in Opposition to Mr. Phillips' Motion for Summary Judgment and Dr. Mershon's Response in Opposition to Mr. Phillips' Motion for Summary Judgment (Dkt. 95) arguing that neither of their responses were filed within the "14[-]day response deadline requirement set forth in S.D. Ind. L.R. 56-1(c)." *Id.* at 1. While Mr. Phillips correctly states that local rule 56-1(c) requires a movant to submit a reply within 14 days, he mistakenly applies this provision to Dr. Knieser and Dr. Mershon. S.D. Ind. L.R. 56-1(c). Here, Dr. Knieser and Dr. Mershon are the non-movants responding to the movant, Mr. Phillips', Motion for Summary Judgment rather than vice versa as Mr. Phillips argues. Further, the non-movant opposing a summary judgment motion must file a response brief within 28 days after the movant serves the motion. S.D. Ind. L.R. 56-1(b).

Mr. Phillips filed his Motion for Summary Judgment on July 26, 2024. Thus, for Dr. Knieser's and Dr. Mershon's responses to have been timely, they must have been filed by August 23, 2024 (twenty-eight days after July 26, 2024). Dr. Mershon's response was timely as it was filed on August 23, 2024 (Dkt. 91). Dr. Knieser's response, however, was filed on August 29, 2024 (Dkt. 92). Even though Dr. Knieser's response was filed in excess of 28 days, for the same reasons the Court did not strike Mr. Phillips' Motion for Summary Judgment as untimely, it will not strike Dr. Knieser's response. Therefore, Mr. Phillips' Motion to Strike Dr. Knieser's and Dr. Mershon's Responses in Opposition of his Motion for Summary Judgment (Dkt. 95) is **denied**.

### 3. **Mr. Phillips' Combined Motion to Strike Dr. Mershon's Motion to Strike and Motion for Sanctions**

Mr. Phillips filed a Motion to Strike Dr. Mershon's Motion to Strike (Dkt. 93). Mr. Phillips does not put forth any arguments in favor of striking Dr. Mershon's Motion to Strike. Rather, he discusses the arguments Dr. Mershon advanced in his motion and argues that Dr. Mershon's Motion

7

to Strike should be denied. Thus, the Court construes Mr. Phillips' Motion to Strike Dr. Mershon's Motion to Strike as a Response in Opposition to Dr. Mershon's Motion to Strike.

Within Mr. Phillips' Response is a Motion for Sanctions. Mr. Phillips argues that sanctions should be issued against Dr. Mershon for "filing a bad faith collateral motion which violates local rule 56-1[i]." *Id*. at 1. While Mr. Phillips does not specifically state he is moving for Rule 11 sanctions, the Court understands his motion to effectively do so. Federal Rules of Civil Procedure Rule 11 states that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that . . . [the motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. Civ. P. 11(b)(1). Local Rule 56-1(i) states that the Court "disfavors collateral motions – such as motions to strike – in the summary judgment process." S.D. Ind. L.R. 56-1(i). Further, the decision to grant or deny a motion for Rule 11 sanctions is within the Court's discretion. *Cooney v Casady*, 735 F.3d 514, 523 (7th Cir. 2013) (citing *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 933 (7th Cir. 1989)).

Mr. Phillips argues that Dr. Mershon should be sanctioned because he filed a motion to strike, which is disfavored. Mr. Phillips does not assert that Dr. Mershon filed his motion for an improper purpose. Rather, his assertion is that the filing of a disfavored motion is per se sanctionable (Dkt. 93 at 1). Rule 11 does not use the term "disfavored", and Rule 56-1 does not use the term "improper purpose." *See* Fed. Civ. P. 11; S.D. Ind. L.R. 56-1. Mr. Phillips does not cite, nor did the Court find, any legal authority for the assertion that the mere filing of a disfavored motion, without more, constitutes a filing for an improper purpose. Dr. Mershon's Motion to Strike is merely a transgression of the local rules and, as stated above, it is within the Court's discretion

8

to overlook any transgression of the local rules, so long as the Court treats the parties equally. *Modrowski*, 712 F.3d at 1169. Therefore, Mr. Phillips' Motion for Sanctions is **denied**.

B.   **Mr. Phillips' Motion to File Surreply**

Mr. Phillips filed a Motion to File Surreply on August 9, 2024 (Dkt. 94). He argues that he is "entitled and eligible to file a surreply within [seven] days if the defendants have cited new evidence." *Id*. at 1. Local Rule 56-1(d) states that "[a] party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." S.D. Ind. L.R. 56-1(d). Mr. Phillips correctly surmises that Rule 56-1(d) allows for a surreply if new evidence is presented. However, he misapplies such rule claiming the rule provides a right to the movant, Mr. Phillips, rather than a right to the non-movants, Dr. Knieser and Dr. Mershon. This is incorrect. Mr. Phillips is not "[a] party opposing a summary judgment motion" as is required for the rule to take effect. *Id*. Rather, Mr. Phillips is the party supporting a summary judgment motion. Therefore, as a party supporting a summary judgment motion, Rule 56-1(d) is inapplicable to him and his Motion to File Surreply (Dkt. 94) is **denied**.

C.   **Motions for Summary Judgment**

Dr. Knieser filed his Motion for Summary Judgment on July 3, 2024. (Dkt. 76). Dr. Knieser argues that he is entitled to judgment as a matter of law because he only saw Mr. Phillips on one occasion where he submitted a referral for off-site care and thus, Mr. Phillips failed to establish deliberate indifference (Dkt. 77 at 2). On July 8, 2024, Dr. Mershon filed his Motion for Summary Judgment (Dkt. 81) He argues that once he became aware of Mr. Phillips' request for medical treatment in connection with the lump, he acted promptly to examine the lump and to refer Mr. Phillips to a general surgeon for additional treatment (Dkt. 83 at 2). Thus, Dr. Mershon asserts

9

that Mr. Phillips fails to establish a claim of deliberate indifference therefore entitling him to a judgment as a matter of law. *Id.*

Mr. Phillips filed his Motion for Summary Judgment on July 26, 2024 (Dkt. 88). Mr. Phillips argues that he is entitled to judgment as a matter of law for violations of his Eighth Amendment rights by Dr. Knieser and Dr. Mershon because they never "offered [or] prescribed medication for pain," and did not "offer, recommend, [or] schedule medical testing to be conducted to investigate and inspect Plaintiff's head injury." Mr. Phillips also asserts that he "continued to suffer in pain" and defendants "delayed medical attention with excuses and time." (Dkt. 89 at 1-2). As the Motions for Summary Judgment turn on deliberate indifference, the Court will discuss this issue and then rule on all three motions.

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

The Court assumes for purposes of the summary judgment motion that Mr. Phillips' head injury was objectively serious. To avoid summary judgment, then, the record must allow a reasonable jury to conclude that Dr. Knieser or Dr. Mershon acted with deliberate indifference—

10

that is, that they "consciously disregarded a serious risk to [Mr. Phillips'] health." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up).

Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Rather, Mr. Phillips "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). "Of course, medical professionals rarely admit that they deliberately opted against the best course of treatment. So, in many cases, deliberate indifference must be inferred from the propriety of their actions." *Dean*, 18 F.4th at 241 (internal citations omitted).

The Seventh Circuit has held that deliberate indifference occurs when the defendant renders a treatment decision that departs so substantially "'from accepted professional judgment, practice, or standards as to demonstrate that'" it is not based on judgment at all. *Petties*, 836 F.3d at 729 (quoting *Cole v. Fromm*, 94 F.3d 254, 260 (7th Cir. 1996)). Deliberate indifference also occurs when a defendant persists "in a course of treatment known to be ineffective," or effects "an inexplicable delay in treatment which serves no penological interest." *Id.* at 729-30. Further, a Prisoner's disagreement with a physician's treatment decision does not give rise to a constitutional violation unless medical treatment is "'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.'" *Snipes v. Detella*, 95 F.3d 586, 592 (7th Cir. 1996) (quoting *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974)).

In support of his Motion, Mr. Phillips claims that he was not prescribed any pain medication (Dkt. 89 at 1). However, the medical records which Mr. Phillips designates show that Dr. Knieser prescribed him acetaminophen, which is supported by Dr. Knieser's affidavit (Dkt. 90 at 9; Dkt. 78-1 at 2). Mr. Phillips also asserts that neither defendant offered, recommended, or scheduled any additional tests on his head injury (Dkt. 89 at 1). Yet, the medical records indicate

11

that both Dr. Knieser and Dr. Mershon requested general surgery consults for Mr. Phillips' lipoma (Dkt. 90 at 8-9, 13-14). It is unclear from his deposition testimony what additional tests Mr. Phillips claims the doctors failed to perform other than his expectation for "deeper tests." (Dkt. 82-2 at 12). However, the referrals for a general surgery consultation were requests for additional tests, to determine if any additional medical services or tests were needed. Thus, absent evidence that the doctors failed to perform a necessary test, the Court finds no deliberate indifference by either Dr. Knieser or Dr. Mershon on these assertions.

Mr. Phillips also asserts that his continued suffering and delayed medical attention by the defendants was deliberately indifferent. (Dkt. 89 at 1-2). Mr. Phillips argues that having the lump remain on his head and the continued headaches leads to the conclusion that he "did not receive medical treatment for his serious medical [p]roblem and needs." (Dkt. 89 at 19). While the Court is empathetic to Mr. Phillips' ailments, the failure to alleviate symptoms, on its own, does not amount to deliberate indifference. Nothing in the record supports a conclusion that Dr. Knieser or Dr. Mershon departed so substantially from accepted professional judgment, practice, or standards, to constitute deliberate indifference. Both doctors referred Mr. Phillips to a general surgeon to perform further evaluation and hopefully alleviate Mr. Phillips' symptoms. This non-alleviation does not constitute deliberate indifference.

Moreover, Mr. Phillips does not designate any specific evidence of delay by the defendants. Rather, he broadly asserts delay by Dr. Knieser and Dr. Mershon. After a careful review of the record, the Court assumes that Mr. Phillips is referencing his inability to see an off-site general surgeon after his assessment by Dr. Knieser. However, the designated evidence shows that Mr. Phillips' general surgery consultation was not scheduled due to IDOC emergency Covid-19

policies rather than failure or indifference on the part of Dr. Knieser (Dkt. 78-1 at 2). Thus, any delay is not attributable to Dr. Knieser.

Dr. Mershon also acted promptly when evaluating Mr. Phillips and referring him to general surgery. Dr. Mershon requested the referral on October 10, 2022, and Mr. Phillips was seen by an offsite general surgeon on December 12, 2022. (Dkt. 90 at 13-14; Dkt. 82-1 at 10-11). Mr. Phillips acknowledged that it may take several weeks to be evaluated after a referral for nonemergent, offsite medical care (Dkt. 82-2 at 15-16). In conjunction, these facts support a conclusion that Dr. Mershon was not deliberately indifferent. Regardless, there is no evidence that Dr. Mershon caused any delay in Mr. Phillips' offsite consultation.

Mr. Phillips fails to establish a claim of deliberate indifference against either Dr. Knieser or Dr. Mershon. Mr. Phillips' Motion for Summary Judgment (Dkt. 88) is therefore **denied**. Dr. Knieser's Motion for Summary Judgment (Dkt. 76) and Dr. Mershon's Motion for Summary Judgment (Dkt. 81) are both **granted**.

### IV.   CONCLUSION

For the reasons explained above, Dr. Mershon's Motion to Strike (Dkt. 91) is **DENIED**. Mr. Phillips' Motion to File Surreply (Dkt. 94) is **DENIED** and Mr. Phillips' Motion to Strike Defendant's Response to Motion for Summary Judgment (Dkt. 95) is **DENIED**. The Court views Mr. Phillips' Motion to Strike Defendant's Motion to Strike and Motion for Sanctions (Dkt. 93) as a Response in Opposition to Dr. Mershon's Motion to Strike and a Motion for Sanctions. The **Clerk is directed** to retitle the filings to reflect this determination and Mr. Phillips' Motion for Sanctions is **DENIED**.

Mr. Phillips' Motion for Summary Judgment (Dkt. 88) is **DENIED**, Dr. Knieser's Motion for Summary Judgment (Dkt. 76) is **GRANTED**, and Dr. Mershon's Motion for Summary Judgment (Dkt. 81) is **GRANTED**.

Final judgment will issue in a separate Order.

**SO ORDERED.**

Date:   3/17/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Robert C. Brandt
RILEY BENNETT EGLOFF LLP
rbrandt@rbelaw.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com